UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CALLAHAN JORDAN d/b/a NUDO MUSIC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>STAR TRAK ENT., INC., a Virginia corporation; UNIVERSAL MUSIC GROUP, INC., a Delaware Corporation; PHARRELL L. WILLIAMS, an individual; GENE ELLIOT THORTON JR., an individual; TERRENCE LE VARR THORNTON, an individual, and DOES 1 through 5, inclusive,<br><br>　　　　　Defendants. | CV 09-5123 RSWL (FMGx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** |

After consideration of the papers and arguments in support of and in opposition to Defendant Universal Music Group, Inc.'s ("UMGI") Motion for Summary Judgment, this Court makes the following findings of fact and conclusions of law:

1

**UNCONTROVERTED FACTS**

1. Defendant UMGI is a holding company with no operations. [Decl. Ostroff at ¶ 3]

2. Defendant UMGI does not create, develop, perform, market, sell, distribute, or exploit recorded music or musical compositions. [Decl. Ostroff at ¶ 4]

3. Defendant UMGI did not have any direct involvement in the creation, manufacturing, reproduction, distribution, or otherwise exploitation of "All I Wanna Do (Feel Like Me)" (the "Allegedly Infringing Sound Recording"). [Decl. Ostroff at ¶ 4-6]

4. No affiliates or subsidiaries of Defendant UMGI had any involvement in the creation, manufacturing, reproduction, distribution, or otherwise exploitation of the Allegedly Infringing Sound Recording. [Decl. Kies at ¶ 3]

5. Neither Defendant UMGI nor any of its affiliates or subsidiaries has ever owned or possessed any ownership interest in the Allegedly Infringing Sound Recording. [Decl. of Ostroff ¶ 5; Decl of Kies ¶ 4]

6. Neither Defendant UMGI nor any of its affiliates or subsidiaries has ever derived any financial benefit from the Allegedly Infringing Sound Recording. [Decl. of Ostroff ¶ 6; Decl. of Kies ¶ 5]

7. Star Trak Entertainment, Inc., is not a subsidiary of Defendant UMGI. [Decl. of Ostroff ¶ 7]

8. Defendant UMGI does not, nor has ever had, a

corporate relationship with Star Trak Ent., Inc. [Decl. of Ostroff ¶ 8]

9. Universal Music Group Recordings, Inc. ("UMGR") is an indirect subsidiary of Defendant UMGI. [Decl. of Ostroff ¶ 9]

10. Interscope Records is a division of UMGR. [Decl. of Hoffman ¶ 1]

11. Interscope Records has a business relationship with Star Trak Ent., LLC. [Decl. of Hoffman ¶ 2]

12. Interscope Records does not own or control Star Trak Ent., Inc. [Decl. of Hoffman, ¶ 3]

13. Star Trak Ent., Inc. is a different company from Star Trak Ent., LLC. [Decl. of Hoffman, ¶ 3]

14. Star Trak Ent., LLC does not have an ownership interest in the Allegedly Infringing Sound Recording. [Decl. of Hoffman, ¶ 3]

## CONCLUSIONS OF LAW

1. A direct infringement occurs when a person violates a copyright owner's exclusive rights under the Copyright Act. 17 U.S.C. §§ 106, 501(a).

2. A copyright owner's exclusive rights under the Copyright Act include the rights of reproduction, creation of derivative works, distribution, public display, and public performance. 17 U.S.C. § 106.

3. "A parent corporation cannot be held liable for the infringing actions of its subsidiary unless there

is a substantial and continuing connection between the two with respect to the infringing acts." Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 519-20 (9th Cir. 1985).

4. "A constructive trust is 'not an independent cause of action but merely a type of remedy." Batt v. City and County of San Francisco, 155 Cal. App. 4th 65,81 (2007), quoting Glue-Fold, Inc. v. Slautterback Corp., 82 Cal. App. 3d 59, 76 (1990) (demurrer sustained without leave to amend because constructive trust is not a "cause of action . . . only a remedy").

5. "An accounting is an equitable remedy, not an independent cause of action." Collins v. Gospocentric Records, USDC Case No. 3:00-CV-1813-H, 2001 WL 194988 at 1 (N.D. Tex. Feb. 22, 2001); see also Hillman v. Stults, 263 Cal. App. 2d 848, 876 (1968) (accounting "is an equitable remedy."); Dawson v, Standard Oil Co., 216 Cal. App. 2d 85, 91 (1963) (same); Bendien v. Solov, 89 Cal. App. 2d 904, 907 (same).

6. "The Copyright Act explicitly preempts state laws that regulate in the area of copyright, stating that 'all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . are

///
///
///
///

4

1  governed exclusively by this title." <u>Sybersound</u>
2  <u>Records, Inc. v. UAV Corp.</u>, 517 F.3d 1137, 1150 (9th
3  Cir. 2008), <u>quoting</u> 17 U.S.C. § 301(a).

**IT IS SO ORDERED.**

Dated: February 8, 2010

/s/
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge